# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1897V
### (Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
VALERIE NEWPORT,                    *
                                    *        Special Master Corcoran
                                    *
                                    *        Filed: January 11, 2019
                  Petitioner,       *
      v.                            *
                                    *        Petitioner's Motion for Decision
SECRETARY OF HEALTH                 *        Dismissing Petition.
AND HUMAN SERVICES,                 *
                                    *
                  Respondent.       *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Amy P. Kokot*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION DISMISSING CASE[1]

On December 7, 2017, Valerie Newport filed a Petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she developed a constant tremor in her right arm after receiving the influenza vaccine on September 19, 2016. Pet. at 1 (ECF No. 1).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

Petitioner filed numerous medical records in early 2018. Upon review of these filings, Respondent filed his Rule 4(c) Report, arguing that Petitioner was not entitled to compensation. *See generally* Resp't's Rule 4(c) Report, filed Aug. 17, 2018 (ECF No. 16). Noting that Petitioner did not allege an injury listed on the Vaccine Injury Table following receipt of a corresponding vaccine (a "Table injury") (under which causation would be presumed), Respondent argued that Petitioner had failed to put forth a reliable scientific theory supporting a claim for causation-in-fact. *Id.* at 5–6. Accordingly, Respondent requested that I dismiss Petitioner's claim. *Id.* at 8.

Following a status conference on September 5, 2018, I directed Petitioner to file an expert report in support of her claim. *See* Docket Order, dated Sept. 5, 2018. Unable to secure expert support for her position, Petitioner filed a Motion seeking dismissal of her claim on January 10, 2019. *See generally* Pet'r's Mot. for Decision Dismissing Pet. (ECF No. 20).

To receive compensation under the Vaccine Act, a petitioner must prove either (1) that she suffered a Table injury, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 11(c)(1), 13(a)(1)(A). An examination of the record, however, shows that Petitioner did not suffer a Table injury. Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Ms. Newport's alleged injury could have been caused by her September 19, 2016 vaccination. And the filed medical records do not support her vaccine injury claim.

Under the Vaccine Act, a petitioner may not receive an award of compensation based on her claims alone. Rather, the petition must be supported by medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence for Petitioner to meet her burden of proof. In keeping with Section 11(c)(1)(A), her claim therefore cannot succeed and must be dismissed.[3]

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

   **IT IS SO ORDERED.**

                                        s/ Brian H. Corcoran
                                        Brian H. Corcoran
                                        Special Master

---

[3] Under ordinary circumstances, Respondent would be given the opportunity to respond to Petitioner's Motion. However, due to a lapse in government appropriations, attorneys for the Department of Justice have been directed not to report for duty until further notice. Because the relief requested by Petitioner is consistent with Respondent's Rule 4(c) Report request for dismissal, I am granting the relief sought.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.